1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    STANLEY W. MUNDY,                          No.  2:22-cv-0668 DB P

11                    Plaintiff,

12        v.                                     ORDER AND FINDINGS AND
                                                 RECOMMENDATIONS
13    SACRAMENTO COUNTY JAIL
      MEDICAL STAFF, et al.,
14
                      Defendants.
15

16

17           Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42

18    U.S.C. § 1983.  Plaintiff claims officials have failed to adequate treat his medical needs and seeks

19    immediate injunctive relief related to his transfer away from Pleasant Valley State Prison

20    ("PVSP").  Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No.

21    2) and his complaint for screening (ECF No. 1).  For the reasons set forth below, the court will

22    recommend that the complaint be dismissed as duplicative and the motion to proceed in forma

23    pauperis be denied as moot.

24                                        SCREENING

25    I.      Legal Standards

26           The court is required to screen complaints brought by prisoners seeking relief against a

27    governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §

28    1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims

                                                 1

1   that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

2   granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

3   U.S.C. § 1915A(b)(1) & (2).

4          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

5   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

6   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

7   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

8   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

9   pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.

10  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

11  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

12  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell

13  AtlanticCorp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

14  (1957)).

15         However, in order to survive dismissal for failure to state a claim a complaint must

16  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

17  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

18  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

19  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

20  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all

21  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

22         The Civil Rights Act under which this action was filed provides as follows:

23              Every person who, under color of [state law] . . . subjects, or causes
                to be subjected, any citizen of the United States . . . to the deprivation
24              of any rights, privileges, or immunities secured by the Constitution .
                . . shall be liable to the party injured in an action at law, suit in equity,
25              or other proper proceeding for redress.

26  42 U.S.C. § 1983.  Here, the defendants must act under color of federal law.  Bivens, 403 U.S. at

27  389.  The statute requires that there be an actual connection or link between the

28  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

1    <u>Monell v. Dept. of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

2    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

3    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

4    omits to perform an act which he is legally required to do that causes the deprivation of which

5    complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

6         Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

7    their employees under a theory of respondeat superior and, therefore, when a named defendant

8    holds a supervisorial position, the causal link between him and the claimed constitutional

9    violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

10    <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

11    concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

12    <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

13    **II.**      **Allegations in the Complaint**

14         Plaintiff has filed a complaint naming the following defendants: (1) Sacramento County

15    Jail Medical Staff; (2) Sacramento County Jail Medical Supervisors and Administrators; (3)

16    Administrators of Sacramento Main Jail Deputy Staff; (4) Sheriff Scott Jones; (5) Sacramento

17    County Department of Health Service Administrator's Review Board; (6)  Pleasant Valley State

18    Prison ("PVSP") doctor Karla Gomez Pimental; (7) PVSP Health Records Technician II Alma

19    Vieyra; (8) PVSP registered nurse (RN), S. Lucero; (9) PVSP Chief Medical Executive O.

20    Onyeje; (10) California Health Services employee Marlyn Conanan; (11) Administrators at

21    California Health Care Services; (12) Administrators at California Department of Corrections,

22    hiring and training personnel; (13) Administrators of Sacramento County responsible for planning

23    and training; (14) Administrators of California overseeing nutrition and medical needs for the

24    State of California.  (ECF No. 1 at 1, 9.)

25         Plaintiff requests a preliminary injunction to prevent his transfer away from PVSP.  (<u>Id.</u> at

26    2-5.)  He alleges that transfer to certain CDCR institutions would put his health in jeopardy

27    because those institutions cannot accommodate his health needs.  The complaint also includes

28    allegations that both jail and prison officials have refused to give him a non-soy diet and

necessary surgery.  (Id. at 13-31.)  Plaintiff alleges he has suffered serious side-effects as a result

of officials' failure to accommodate his dietary needs.

### III.     Failure to State a Claim

Examination of the complaint and review of the Court's docket reveals that the pleading

filed in this action contains allegations identical to, and therefore duplicative of, the complaint

filed on February 11, 2022, in Mundy v. Sacramento County Jail Medical Staff, No. 1:22-cv-0401

DAD SAB (PC).  "A complaint 'that merely repeats pending or previously litigated claims'" is

subject to dismissal under 28 U.S.C. § 1915(e).  Cato v. United States, 70 F.3d 1103, 1105 (9th

Cir. 1995) (quoting Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)).  "[A] duplicative

action arising from the same series of events and alleging many of the same facts as an earlier

suit" may be dismissed as frivolous or malicious under section 1915(e).  See Bailey, 846 F.2d at

1021.  "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment

of proceedings, promotes judicial economy and the 'comprehensive disposition of litigation.'"

Adams v. California Dept. of Health Servs., 487 F.3d 684, 692 (9th Cir. 2007) (citation omitted),

overruled on other grounds by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).

To determine whether a claim is duplicative, courts use the test for claim preclusion.

Adams, 487 F.3d at 688.  "Thus, in assessing whether the second action is duplicative of the first,

[courts] examine whether the causes of action and relief sought, as well as the parties or privies to

the action are the same."  Id. at 689 (citations omitted).  "Plaintiffs generally have no right to

maintain two separate actions involving the same subject matter at the same time in the same

court and against the same defendant."  Id. at 688 (internal quotation marks and citations

omitted).

In both this action and in Mundy v. Sacramento County Jail Staff, No. 1:22-cv-0401 DAD

SAB (PC), plaintiff alleges that prison officials have failed to provide adequate medical care,[1] has

---

[1] In both cases plaintiff alleges officials have failed to provide him with a non-soy diet and failed to treat the medical issues caused by the failure to accommodate his dietary needs.  Plaintiff also sought injunctive relief to prevent his transfer away from PVSP in both cases.  Mundy v. Sacramento County Jail Staff, 2:22-cv-0668 (ECF No. 1 at 2-5); Mundy v. Sacramento County Jail Staff, 1:22-cv-0401 DAD SAB (PC) (ECF No. 3).

identified the same individuals as defendants, and seeks the same injunctive relief.  See Mundy v. Sacramento County Jail Staff, No. 1:22-cv-0401 DAD SAB (PC), (ECF Nos. 1, 3); Mundy v. Sacramento County Jail Staff, No. 2:22-cv-0668 DB P, (ECF No. 1).  Upon review, large portions of the complaints and requests for injunctive relief appear to be identical.  The court finds that this action is duplicative of Mundy v. Sacramento County Jail Staff, No. 1:22-cv-0401 DAD SAB (PC) because it repeats the same allegations against the same defendants and seeks the same relief.  Accordingly, the complaint should be dismissed.

### IV.    No Leave to Amend

For the reasons stated above, the complaint should be dismissed.  The undersigned has carefully considered whether plaintiff may amend the complaint to state a claim upon which relief can be granted.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Assn. v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).  Here, given the defects noted above, the undersigned finds that granting leave to amend would be futile.

### IN FORMA PAUPERIS

Plaintiff submitted an affidavit and prison trust account statement that make the showing required by 28 U.S.C. § 1915(a).  (ECF No. 2.)  Nevertheless, because this court recommends dismissal of this action without leave to amend, the court further recommends that plaintiff's request to proceed in forma pauperis be denied as moot.

////

////

////

////

////

////

////

5

**CONCLUSION**

For the reasons set forth above, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a district judge to this action.

IT IS HEREBY RECOMMENDED that:

1.  The motion to proceed in forma pauperis be denied as moot; and

2.  The complaint (ECF No. 1) be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 2, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil Rights/S/mund0668.scrn